IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BROOKE AUSTIN,

          Plaintiff,

v.                        Case No. 24-2094-JWB

THOMAS J. VILSACK,
SECRETARY OF AGRICULTURE,

          Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to dismiss Plaintiff's complaint. (Doc. 10.) The motion is fully briefed and ripe for decision. (Docs. 11, 17, 18.) The motion is GRANTED IN PART and DENIED IN PART for the reasons stated herein.

**I.  Facts**

Plaintiff is a former employee of the United States Department of Agriculture and worked in the Farm Services Agency. (Doc. 1 ¶ 23.) Plaintiff is also a transgender, lesbian person and a disabled veteran. (*Id.* ¶ 24.) Plaintiff alleges harassment based on disability and sexual identity. Based on that harassment, Plaintiff filed this lawsuit against Defendant, which raises four claims: a hostile work environment claim and retaliation claim under the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*, and a hostile work environment claim and retaliation claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. Plaintiff exhausted all applicable administrative remedies. (Doc. 1 at 2–3.) The following facts serve as the basis for the four claims.

As alleged in the complaint, Plaintiff's direct supervisor, Mr. Kevin Vondra, harassed and created a hostile work environment for Plaintiff. This harassment started in the fall of 2022. (*Id.*

¶ 31.)  The harassment began when Vondra called Plaintiff his "new bitch" on two occasions.  (*Id.* ¶ 31.)  Plaintiff made a formal complaint against Vondra for these remarks, resulting in Vondra's suspension for three days.  (*Id.* ¶ 34.)  When he returned to work, however, Vondra started using Plaintiff's birth name instead of the one selected by Plaintiff after undergoing gender transition.  (*Id.* ¶ 35.)  Prior to the suspension, Vondra had never used Plaintiff's birth name.  (*Id.* ¶ 37.)  Once he returned, Vondra also started to critique Plaintiff's work and gave Plaintiff poor performance reviews.  (*Id.* ¶ 40.)  Plaintiff claims that Vondra did not do this to non-transgender employees.  (*Id.* ¶ 42.)  When Plaintiff started struggling at work, Vondra provided no guidance or retraining and told Plaintiff that he does not have the time to assist with Plaintiff's work.  (*Id.* ¶¶ 43, 45.)  Vondra eventually placed Plaintiff on a "performance improvement plan," after which Plaintiff was denied a step increase in pay.  (*Id.* ¶¶ 49, 50.)

Plaintiff also began struggling to meet the deadlines set by Vondra.  (*Id.* ¶ 56.)  Plaintiff informed Vondra of this problem and requested additional time to complete the assigned work.  (*Id.* ¶ 57.)  Plaintiff alleged that the deadlines Vondra set caused stress and anxiety, which in turn exacerbated Plaintiff's disability: Post Traumatic Stress Disorder ("PTSD").  (*Id.* ¶ 58.)  In spite of this, Vondra refused to grant Plaintiff's request for deadline extensions.  (*Id.* ¶ 59.)  Plaintiff also requested to be assigned to a different supervisor.  (*Id.* ¶ 61.)  This request was also denied.  According to the complaint, Vondra actively inhibited Plaintiff's job performance.  For example, at one point, Plaintiff discovered an environmental hazard on a loan applicant's land.  (*Id.* ¶¶ 62, 63.)  This discovery would have impacted the landowner's eligibility for a loan, but Vondra did not allow Plaintiff to report the spill.  (*Id.* ¶¶ 63, 64, 65.)  Beyond work, Vondra said that Plaintiff made others uncomfortable by speaking about being transgender, being disabled, and making other remarks about Plaintiff's personal life.  (*Id.* ¶ 53.)  By contrast, other employees were able to

discuss their personal lives without fear of reprisal. (*Id.* at ¶ 54.) Eventually, this harassment forced Plaintiff to quit working for the Department of Agriculture, and Plaintiff claims that this amounted to a constructive discharge.[1] (*Id.* ¶ 66.) Plaintiff claims that from the fall of 2022 through September 2023, the foregoing conduct amounted to harassment, a hostile work environment, and retaliation. As a result, Plaintiff filed this lawsuit against Defendant.

## II. Standard

In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). In the end, the issue is not whether Plaintiff will ultimately prevail, but whether Plaintiff is entitled to offer evidence to support its claims. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005).

## III. Analysis

### A. Rehabilitation Act – Hostile Work Environment

"The Rehabilitation Act prohibits discrimination against an 'otherwise qualified individual with a disability.'" *McGeshick v. Principi*, 357 F.3d 1146, 1149 (10th Cir. 2004) (quoting 29 U.S.C. § 794). The standards applied to claims under Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, apply to Rehabilitation Act claims. *See* 29 U.S.C. § 794(d).

---

[1] Plaintiff provides no additional facts for a constructive discharge claim. Thus, the court assumes Plaintiff is not pursuing such a claim.

As discussed above, claims under the Rehabilitation Act are analyzed under the standards that apply to ADA claims.  Additionally, ADA hostile environment claims are analyzed under the same standards that apply to Title VII hostile environment claims.  *See Callahan v. Commc'n Graphics, Inc.*, 657 F. App'x 739, 746 (10th Cir. 2016) (citing *Lanman v. Johnson Cnty., Kansas*, 393 F.3d 1151, 1156 (10th Cir. 2004), *overruled on other grounds by statute as stated* in *EEOC v. BNSF Ry. Co.*, 902 F.3d 916, 924 (9th Cir. 2018)).  Thus, the elements for a hostile work environment claim under the Rehabilitation Act are: "(1) the plaintiff is [disabled] ; (2) the plaintiff was subject to unwelcome harassment; (3) the harassment was based on the alleged disability; and (4) due to the harassment's severity or pervasiveness, the harassment altered a term, condition, or privilege of the plaintiff's employment and created an abusive working environment."  *Callahan*, 657 F. App'x at 746–47.

After reviewing the complaint, the court concludes that Plaintiff failed to plead a plausible hostile work environment claim under the Rehabilitation Act.  Assuming Plaintiff's PTSD constitutes a disability under the Act, Plaintiff nevertheless insufficiently pleaded facts to sustain a hostile work environment claim because there is only one factual assertion that could constitute harassment based on a disability.  In the section entitled "General Allegation Common to All Counts," Plaintiff asserts that Vondra began imposing arbitrary deadlines for assigned tasks in spite of being informed that these new deadlines were exacerbating Plaintiff's PTSD symptoms. (Doc. 1 ¶ 58.)  Plaintiff requested additional time to complete assigned tasks and asked to be assigned to a different supervisor, but Vondra refused these accommodations.  (*Id.* ¶¶ 57, 59, 61.) Plaintiff further alleges that any request for an accommodation during August 2023 was rejected. (*Id.* ¶ 60.)  There are no details about the requests made during August. And in the section that specifically addresses the hostile work environment claim under the Rehabilitation Act, the

4

complaint relies on conclusory allegations about how Plaintiff was subject to harassment without providing any context or details about that harassment.

Admittedly, the court is struggling to identify a plausible instance of harassment based upon Plaintiff's disability. The only allegation is that Plaintiff was denied additional time to complete assigned tasks, and as a result, Plaintiff's PTSD was exacerbated by the resulting anxiety. Considering all well-pleaded facts as true, this assertion is hardly harassment and would not rise to the requisite level of pervasive or severe. To clarify, Plaintiff raises other instances of harassment in the complaint, but those are related to Plaintiff's sexuality and identity as a transgender person. Therefore, Defendant's motion to dismiss Plaintiff's hostile work environment claim under the Rehabilitation Act is granted.

### B. Other Claims

After thoroughly reviewing Plaintiff's other claims, and the parties' briefing on Defendant's motion to dismiss, the court concludes that Plaintiff's pleadings are sufficient to survive the motion to dismiss. Accordingly, Defendant's motion is denied as to Plaintiff's remaining claims.

### IV. Conclusion

Therefore, Defendant's Motion to Dismiss (Doc. 10) is GRANTED IN PART AND DENIED IN PART. Defendant's motion is denied with regard to Plaintiff's Rehabilitation Act retaliation claim, Plaintiff's Title VII hostile work environment claim, and Plaintiff's Title VII retaliation claim. Defendant's motion is GRANTED with regard to Plaintiff's Rehabilitation Act hostile work environment claim.

IT IS SO ORDERED.  Dated this 7th day of October, 2024.

                                                s/ John W. Broomes
                                                JOHN W. BROOMES
                                                UNITED STATES DISTRICT JUDGE